# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DOMINIQUE DEWAYNE GULLEY-FERNANDEZ,**
also known as, Teriyaki Ariana Daniels-Wilds**,,**

       Plaintiff,

   -vs-                                                        **Case No. 15-CV-995**

**WISCONSIN DEPARTMENT OF CORRECTIONS,
DR. TRACY JOHNSON,
TROY HERMANS,
WARDEN GARY BOUGHTON,
CAPTAIN DAVID GARDNER,
CATHERINE MORRISON,
KEVIN KALLAS,
and GARY ANKARLO,**

       Defendants.

## DECISION AND ORDER

The plaintiff is a *pro se* prisoner. He has filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. He lacks the funds to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic

- 2 -

recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a

- 3 -

person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff is incarcerated at the Wisconsin Secure Program Facility (WSPF). He alleges that he is male-to-female transsexual and that prior to his incarceration he took female hormones and dressed as a female. The plaintiff states that prison officials will not let him continue his hormone therapy or have a sex change operation.

Defendant Dr. Tracy Johnson is the plaintiff's psychologist and a psychology supervisor at WSPF. The plaintiff alleges that Dr. Johnson has recommended treatment for him related to his mental health issues. But according to the plaintiff, Dr. Johnson will not do anything about the plaintiff's gender identity disorder, even thought she has been aware of it since 2013. The plaintiff also alleges that she believes that Dr. Johnson e-mailed defendant Dr. Kevin Kallas, who is the Bureau of Health Services Mental Health Director, to let him know that the plaintiff wants to be

evaluated for gender dysphoria. Dr. Kallas then ordered Dr. Stacey Hoem (not a defendant) to evaluate the plaintiff for gender identity dysphoria.

On July 8, 2015, Mr. Baron Crespo (not a defendant) conducted the plaintiff's gender identity disorder screening evaluation. Mr. Crespo asked the plaintiff numerous questions regarding gender identity and gender dysphoria. The plaintiff has filed a copy of a Psychological Services Clinical Contact (ECF No. 21), which appears to be Mr. Crespo's report of this evaluation. Mr. Crespo met with the plaintiff again on August 11, 2015, because the plaintiff was having a bad day and was about to go on clinical observation for self-harm. That day, Mr. Crespo informed the plaintiff that he was finishing his report on the plaintiff's gender dysphoria evaluation and that he recommended the plaintiff see the gender dysphoria specialist, Cynthia S. Osbourne.

The plaintiff alleges that he has written to defendant WSPF Warden Gary Boughton and Deputy Warden Troy Hermans several times since 2013, requesting a transfer to an institution where he may receive treatment for his disorder and fit in better as a male-to-female transsexual. They denied his requests. In addition, defendant Captain David Gardner and defendant Offender Classification Specialist Catherine Morrison have denied the plaintiff's social worker's request for transfer. The plaintiff

alleges that due to his serious mental health needs[1] and gender identity crisis, he needs to be at another institution. According to the plaintiff, he has written to every defendant, and they continue to fail to acknowledge his mental health needs, hormone therapy needs, and his need to be at an institution where he can get the treatment he needs.

The plaintiff claims that the defendants are not treating his gender identity disorder in violation of his constitutional rights, the Americans with Disabilities Act, and the Rehabilitation Act. He would like female hormone therapy, the ability to dress like a woman, and sex change surgery. The plaintiff also seeks monetary damages.

At this stage, the plaintiff may proceed on his claim that the defendants refuse to treat his gender identity disorder, under the Eighth Amendment. *See Fields v. Smith*, 653 F.3d 550, 555-56 (7th Cir. 2011). However, gender identity disorder is not a "disability" under the Americans with Disabilities Act or the Rehabilitation Act. *See* 42 U.S.C. § 12211(b), 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B). Thus, the plaintiff may not proceed under the ADA or the RA.

---

[1] The plaintiff filed another lawsuit in which he claims that his mental health care needs are not being treated at WSPF. *Gulley-Fernandez, et al., v. Johnson, et al.*, Case No. 15-cv-795 (E.D. Wis.). Because he is proceeding on that claim in another case, the Court will not include the mental health care claim as part of this case.

Lastly, the plaintiff names the Wisconsin Department of Corrections as a defendant, but it is not a suable entity under § 1983. *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 444 (7th Cir. 2009).

Additional Motions

The plaintiff has filed a motion for mediation and a motion for settlement (ECF Nos. 12, 16). He requests to meet with a district judge or magistrate judge in an effort to reach a mutually agreeable settlement without going to trial. However, the motion for settlement or mediation is premature. The plaintiff is advised that once the defendants have been served, if both parties would like to try to mediate this case, they may file a joint motion requesting mediation.

The plaintiff has filed a motion for relief (ECF No. 13). By this motion the plaintiff reiterates the requests for relief stated in his complaint. This separate motion is redundant and will be denied as moot.

The plaintiff has filed a motion for summary judgment (ECF No. 17). This motion reiterates some of the complaint allegations and requests that the Court acknowledge his constitutional rights. However, this motion is also premature. After the defendants have answered the complaint, the Court will enter Scheduling Order setting deadlines for the completion of discovery and for filing dispositive motions. The plaintiff is advised that

any motion for summary judgment must comply with Civil Local Rule 56 and Federal Rule of Civil Procedure 56. He will receive copies of these rules along with the Scheduling Order.

The plaintiff has filed a motion for temporary restraining order and/or injunction hearing (ECF No. 21). He contends that defendants Captain Gardner and Dr. Johnson, and Dr. Hoem (not a defendant), are engaging in a course of misconduct to harass and intimidate him. According to the plaintiff, Captain Gardner placed him on a pen restriction which means that he may only use a pen for writing in his pending cases, but he must use a crayon for everything else. The plaintiff alleges that Gardner placed him on pen restriction for altering an interview/information request, which the plaintiff denies. The plaintiff also alleges that Dr. Johnson and Dr. Hoem are denying him adequate mental health treatment. The plaintiff does not state what action he would like the Court to take.

To obtain preliminary injunctive relief, whether through a temporary restraining order or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622

(7th Cir. 2007). If those three factors are shown, the Court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Here, the plaintiff's concern that Captain Gardner is harassing him by placing him on pen restriction is not related to his claim in this case. A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit. *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945)); *see also Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). Also, the pen restriction does not hinder the plaintiff's ability to litigate because he receives a pen for writing in his pending cases (and he sometimes submits typed documents), and a crayon for everything else.

With regard to the plaintiff's assertion that he is being denied adequate mental health treatment, the plaintiff's claim in this case is related to is gender identity disorder. As stated earlier, he has another case in which he raises the mental health treatment claim. In any event, the plaintiff does not request any specific relief. For these reason, the Court will deny the plaintiff's motion for temporary restraining order.

- 9 -

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendant Wisconsin Department of Corrections is **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for mediation (ECF No. 12) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for relief (ECF No. 13) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for settlement (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for temporary restraining order and/or injunction hearing (ECF No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court,

copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case

- 11 -

filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 1st day of December, 2015.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**